UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

No. 06-20050

vs.

District Judge Victoria A. Roberts

WILLIE PARKER,

Magistrate Judge R. Steven Whalen

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Suppress Evidence [Doc. #15], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). An evidentiary hearing was held on June 27, 2006. For the reasons set forth below, I recommend that the Motion to Suppress be DENIED.

### I.   FACTS

This motion arises out of the execution of a search warrant at 19138 Healy in the City of Detroit in March of 2005. The affidavit in support of the search warrant was sworn to on March 9, 2005 by ATF Agent Donna J. Averill. United States Magistrate Judge Steven D. Pepe issued the search warrant the same day.

The affidavit was based in part on hearsay information from a confidential "Source of Information" (SOI-1), whom Agent Averill believed to be reliable based on two previous cases as well as independently corroborated information in the present case. The SOI stated that two of his "associates," identified as Terry Wilson and Pete Wilson, were in possession of pistols at their residence at 19138 Healy. The SOI said that the Healy residence was Pete's house, and that his brother Terry stayed there. He said that he had known the "Wilson brothers" for several years, and that Terry Wilson was a convicted felon who was recently

-1-

released from prison.  The SOI said that Pete Wilson "caught a marijuana case" a couple of years ago. Pete, he said, drove a green Bonneville. He said that both Pete and Terry carry firearms on a regular basis.

The SOI identified a photograph of Terry Wilson on February 22, 2005, and said that within the previous two days, he observed Terry standing on the front porch of 19138 Healy with a 9 mm pistol in his waistband.  He also saw Terry walk up to a blue pickup truck in front of the house, where the driver asked for three "O's."[1] Terry walked back to the house and returned with a bag of suspected marijuana, which he gave to the driver in exchange for money.

On March 2, 2005, the SOI stated that within the past 48 hours, he saw the person he knew as Pete Wilson (later identified as Defendant Willie Parker) at 19138 Healy, with a 9 mm pistol in his coat pocket.  The SOI added that over the past two months, he saw Terry Wilson with a gun– either a .40 cal. Or a 9 mm pistol– on at least five occasions.  Also on March 2, 2005, Agent Averill showed the SOI a photograph of Defendant Willie Parker, whom the SOI identified as being the same person known to him as Pete Wilson.

Agent Averill's affidavit also sets forth additional and corroborating information obtained independently of the SOI.  A query of a Detroit Police database showed that Terry Wilson identified 19138 Healy as his address during a prior police contact.  A State of Michigan database (OTIS) revealed that Terry Wilson was currently on parole for a felony drug conviction, and that he had at least five other felony convictions.  In addition, a LEIN query revealed that Terry Wilson had an outstanding warrant as a parole absconder.  A review of Terry Wilson's parole file indicated that he had been paroled to 19138 Healy in

---

[1] Agent Averill testified that "O" referred to an ounce of marijuana.

August, 2005, where he was living with his brother, Willie Parker.[2]

A further LEIN inquiry of Willie Parker a 2000 felony drug conviction, for which he was sentence to two years probation. On March 3, 2005, Agent Averill and another agent saw a green Bonneville, license NHA 738, parked in the driveway of 19138 Healy. A Secretary of State query showed that plate registered to Telisha Parker and Willie Parker at 19138 Healy. Agent Averill also stated that Willie Dean Parker's driver's license showed an address of 19138 Healy.

Defendant claims that Agent Averill's affidavit contains false information which, if set aside, would leave information insufficient to support a finding of probable cause.[3] The Defendant sets forth his specific claims at p.6 of his Brief in Support of Motion to Suppress:

> "Terry Wilson is Willie Parker's cousin, not his brother. Mr. Parker has never used an alias of Pete Wilson. He has one prior conviction under his own name and no other. He does not have a driver's license with the identification number of P626886139815. This number therefore could not reflect an address of 19138 Healy in the City of Detroit. The agent knew or through the exercise of reasonable diligence and investigation could have discovered that the representations made by the informant were false especially as to the relationship between the two. The informant's knowledge amounted to alleged observations of Terry Wilson and Willie Parker either on the porch or near the Healy address with a firearm. That is all. That is what the agents believed to be probable cause. This the defense maintains is presumptively unreasonable."

---

[2]The Basic Information Sheet from the Michigan Department of Corrections is contained at page 6 of Government's Exhibit 1, which was admitted into evidence at the evidentiary hearing. Under the section of the form asking for contact information in case of serious illness or injury, the name Willie Parker appears, with the relationship designated as "brother," and an address of 19138 Healy. This information would logically have been provided by Terry Wilson, the parolee.

[3]The Defendant also argued in his motion that the agents violated the Fourth Amendment's knock-and-announce requirement. However, the parties agreed at the evidentiary hearing that the recent decision in *Hudson v. Michigan*, 126 S.Ct. 2159 (2006), where the Supreme Court held that the exclusionary rule is not applicable to violations of the knock-and-announce requirement, is dispositive. Accordingly, no evidence was taken on whether there was a knock-and-announce violation, and, pursuant to *Hudson*, that portion of the Defendant's motion to suppress must be denied.

## II.    STANDARD OF REVIEW

In *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court set forth the basic standard for assessing whether an affidavit establishes probable cause to issue a search warrant:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him,...there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed" (internal quotation marks omitted).

*See also United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991); *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003).

A magistrate's probable cause determination "should be paid great deference by reviewing courts." *Id.*, 462 U.S. at 236. However, that deference is not absolute, and reviewing courts must ensure that the issuing magistrate did "not serve merely as a rubber stamp for the police." *United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), quoting *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Leon,* at 915, quoting *Illinois v. Gates, supra*, 462 U.S. at 239.

In assessing the issuing magistrate's probable cause determination, the reviewing court is concerned only with those facts which appear within the four corners of the affidavit. *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973); *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998), citing *Whitely v. Warden*, 401 U.S. 560, 564-65, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). However, if the affidavit contains false statements that are shown to have been made knowingly and intentionally, or with reckless disregard for the truth, and if those false statements were necessary to the finding of probable cause, the evidence seized

pursuant to the warrant will be suppressed. *Franks v. Delaware*, 438 U.S. 154, 155-56, (1978). Inaccurate statements that are the result of mere negligence or mistake do not fall within the framework of *Franks* . *Id.* at 171. A *Franks* claim entails a two-part analysis: (1) whether the defendant has shown by a preponderance of the evidence that false statements were deliberately or recklessly made, and (2) "whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

### III. ANALYSIS

Through the statements of a historically reliable confidential informant with personal knowledge, corroborated by independent investigation and surveillance, Agent Averill's affidavit supports the following findings: (1) Terry Wilson is a convicted felon; (2) he lives at 19138 Healy; (3) he has been seen numerous times at the Healy address with a firearm, including one time in late February, 2005 when he went into the house, retrieved a bag of suspected marijuana, and gave it to a person in a pickup truck in exchange for money; (4) the SOI knows Defendant Willie Parker as Pete Wilson, Terry's brother, whom he identified by photograph; (5) Willie Parker also lives at 19138 Healy, and Parker's green Bonneville, which was seen in the driveway, is registered at that address; (6) Willie Parker is a convicted felon; and (7) Willie Parker was seen at Healy with a gun within a week of when the affidavit was signed.

On its face, then, the affidavit fairly reeks with probable cause to believe evidence of a federal crime–felon in possession of a firearm[4]–would be found in 19138 Healy. However, Defendant claims that materially false information was either intentionally or recklessly placed within the affidavit; therefore, it is necessary to scrutinize the affidavit under the two-

---

[4] 18 U.S.C. §922(g).

pronged *Franks* formulation.

The first prong asks whether the affidavit contains false information that was intentionally or recklessly made. The Defendant challenges certain representation made by the SOI, and argues that at a minimum, Agent Averill's reliance on the informant's information was reckless. Specifically, the Defendant states that he has never used the alias Pete Wilson, that he is Terry Wilson's cousin, not his brother, and that he does not have a driver's license with the identification number indicated in the affidavit. However, most of that information was independently corroborated. Terry Wilson himself indicated to the Department of Corrections that his "brother," Willie Parker, lived at the Healy address. *See* fn. 2, *supra*. Defendant's car was registered to that address. At the evidentiary hearing, while there was some indication that Defendant did not currently have a driver's license with the number indicated, he presented no significant evidence that he *never* had such license, as shown by the Secretary of State records. Indeed, Defendant offered a State Identification Card bearing the name Willie Parker and showing an address of 19138 Healy.

In attempting to verify the informant's story that the Defendant and Terry Wilson lived at 19138 Healy, Agent Averill searched records and databases kept by the Detroit Police Department, the Michigan Department of Corrections, and the Secretary of State. While there was no corroboration of the informant's specific statement that the Defendant used the name "Pete Wilson," he identified the Defendant's photograph as the person he was talking about. Thus, even if it were assumed that some of the informant's information was inaccurate, it cannot be said that Averill's affidavit was made with reckless disregard for accuracy.

If it were further assumed that the challenged statements in the affidavit were both false and made recklessly, Defendant's motion would still falter under the second prong of

the *Franks* test: if all of those statements are stricken from the affidavit, there is still abundant probable cause to show that evidence of 18 U.S.C. §922(g) would be found at 19138 Healy. Without question, both Terry Wilson and the Defendant have prior felony convictions. Terry Wilson identified Willie Parker as his brother, but ultimately, what difference does it make whether they are brothers or cousins, or whether the Defendant uses the name Pete Wilson? The SOI identified the Defendant's photograph as the person who lived at Healy with Terry Wilson, and the fact that Defendant does live at Healy was shown by Terry's parole records, the Defendant's automobile registration and the observation of his green Bonneville in the driveway. Therefore, if Defendant was observed at his residence with a 9 mm pistol within days prior to the affidavit, there is probable cause.

Furthermore, even if every word about Willie Parker and Pete Wilson is stricken from the affidavit, there is *still* probable cause to believe that evidence of 18 U.S.C. §922(g) would be found at 19138 Healy, based on the information about Terry Wilson. Terry has a significant felony record. During a "prior police contact," he gave his address as 19138 Healy, and he was paroled to that address. He lived there, and he was observed there numerous times in possession of a firearm, in close temporal proximity to the time the warrant was issued. One of those times, he was also observed conducting an apparent marijuana transaction. That information is sufficient in and of itself to support the issuance of the search warrant.

Accordingly, the Defendant's challenge to the search warrant and motion to suppress must fail.

## IV.   CONCLUSION

I therefore recommend that Defendant's Motion to Suppress Evidence [Doc. #15] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                              S/R.  Steven Whalen
                              R.  STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated:  July 10, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 10, 2006.

                              S/G. Wilson
                              Judicial Assistant